Donald D. Meacham, Esq. Village Attorney, Voorheesville
I am writing in response to your request for an opinion as to the compatibility of the positions of school district library board member and trustee of a village within the school district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are unaware of any constitutional or statutory provision that prohibits this particular combination of offices. Nor, in our opinion, are the positions incompatible. Village Law, § 3-300(4) provides as follows:
 "* * * no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such office."
Although the village board of trustees has the authority to appoint the members of a village library board (Education Law, § 260[2]), the board of trustees of a school district library are elected by the voters of the school district (ibid.). The library trustees are responsible for the management of the library and act independently of municipalities within the school district (1981 Op Atty Gen [Inf] 263). The library board submits its budget to the voters of the district for approval (Education Law, § 259), and is not dependent on municipalities for funding. We are not aware of any situations where the duties of the library board would overlap or conflict with those of the board of trustees of a village within the school district.
Accordingly, we conclude that one person may simultaneously serve as a member of a school district library board and the board of trustees of a village within the school district.